IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
MAR 25 2015

| | |
|---|---|
| GABRIELLE BECKER,<br><br>Plaintiffs,<br><br>vs.<br><br>KIA MOTORS AMERICA, INC.,<br><br>Defendant. | CIV. #15-4063<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Gabrielle Becker, by and through her counsel and for her claims against the above-named Defendant, hereby states and alleges as follows:

## PARTIES

1.

Plaintiff Gabrielle Becker is a citizen of South Dakota and resides in Harrisburg, Lincoln County, South Dakota.

2.

Defendant Kia Motors America, Inc. is a citizen of California. Its corporate headquarters is located in Irvine, California.

## JURISDICTION & VENUE

3.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. 1332 based upon diversity of the parties. The amount in controversy exceeds the sum of $75,000.

4.

Venue exists in this District pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

5.

On or about March 11, 2013, Plaintiff Gabrielle Becker was operating a 2011 Kia Sportage designed and manufactured by Defendant Kia Motors America, Inc., when the transmission in the vehicle malfunctioned, causing the vehicle to suddenly and without warning, downshift, propelling Gabrielle forward inside her vehicle.

6.

After the transmission malfunctioned, Gabrielle propelled forward into her steering wheel and then back into her seat resulting in injuries, including, but not limited to, her spine.

## COUNT I
### Strict Liability - Defective Design

7.

Plaintiff realleges the preceding paragraphs and incorporates them as if set forth fully herein.

8.

Kia Motors America, Inc. sold the 2011 Kia Sportage in a defective condition in that the transmission malfunctioned upon normal use, which made it unreasonably dangerous to users and consumers like Plaintiff Gabrielle Becker.

9.

The defect existed at the time the 2011 Kia Sportage left the control of Kia Motors America, Inc.

10.

Kia Motors America, Inc. expected the 2011 Kia Sportage to reach the ultimate user or consumer without any change in the condition in which it was sold, and it did so.

11.

Plaintiff could not by the exercise of reasonable care have discovered the defect.

12.

Plaintiff was unaware, before the occurrence, that the 2011 Kia Sportage was defective and unsafe for its intended use.

13.

The defective condition of the 2011 Kia Sportage was the proximate cause of serious and substantial injuries to Plaintiff, including, but not limited to medical expenses, past and future, lost wages, conscious pain and suffering, as well as permanent disability, and loss of enjoyment of life.

14.

Kia Motors America, Inc. is strictly liable for all resulting damages allowable under the law.

15.

The actions of Kia Motors America, Inc. were intentional, malicious (whether express or implied), and done with willful, wanton, and reckless disregard of the rights of Plaintiff, entitling her to punitive damages under South Dakota law.

## COUNT II
### Strict Liability - Failure to Warn

16.

Plaintiff realleges the preceding paragraphs and incorporates them as if set forth fully herein.

17.

A danger existed associated with a foreseeable use of the 2011 Kia Sportage in that the transmission malfunctioned upon normal use.

18.

An inadequate warning was given by Kia Motors America, Inc. regarding this danger.

19.

As a result of the inadequate warning given by Kia Motors America, Inc., the 2011 Kia Sportage was rendered defective and unreasonably dangerous.

20.

The defective and unreasonably dangerous condition existed at the time the 2011 Kia Sportage left Kia Motors America, Inc.'s control. The defective condition of the 2011 Kia Sportage was the proximate cause of serious and substantial injuries to Plaintiff Gabrielle Becker, including but not limited to, medical expenses, past and future, lost wages, and conscious pain and suffering, as well as permanent disability and loss of enjoyment of life.

21.

Kia Motors America, Inc. is strictly liable for all resulting damages allowable under the law.

22.

The actions of Kia Motors America, Inc. were intentional, malicious (whether express or implied), and done with willful, wanton, and reckless disregard of the rights of Plaintiff, entitling her to punitive damages under South Dakota law.

## COUNT III
### Strict Liability - Defective Manufacture

23.

Plaintiff realleges the preceding paragraphs and incorporates them as if set forth fully herein.

24.

Defendant is the researcher, developer, manufacturer, distributor, marketer, promoter, supplier, and seller of the 2011 Kia Sportage, which is defective and unreasonably dangerous to consumers because its transmission malfunctioned upon normal use.

25.

The 2011 Kia Sportage is defective in its manufacturing, rendering it unreasonably dangerous and unsuitable for its intended purpose because it malfunctioned upon normal use.

26.

This defective and dangerous condition existed at the time the 2011 Kia Sportage left the control of Defendant, in that it was not reasonably fit for the ordinary and reasonably foreseeable purposes for which it was sold or manufactured and expected to be used in that the transmission malfunctioned upon normal use.

27.

The 2011 Kia Sportage was expected to and did reach Plaintiff Gabrielle Becker without a substantial unforeseeable change in the condition the 2011 Kia Sportage was in when it left the control of Defendant.

28.

As a direct and proximate result of the Defendant's placement of the defective 2011 Kia Sportage into the stream of commerce, Plaintiff Gabrielle Becker experienced serious and

substantial injuries, including but not limited to, medical expenses, past and future, lost wages, and conscious pain and suffering, as well as permanent disability, and loss of enjoyment of life.

29.

The actions of Kia Motors America, Inc. were intentional, malicious (whether express or implied), and done with willful, wanton, and reckless disregard of the rights of Plaintiff, entitling her to punitive damages under South Dakota law.

## COUNT IV
### Negligence

30.

Plaintiff realleges the preceding paragraphs and incorporates them as if set forth fully herein.

31.

Defendant Kia Motors America, Inc. had a duty to exercise reasonable care in designing, researching, manufacturing, marketing, supplying, promoting, testing and distributing the 2011 Kia Sportage into the stream of commerce.

32.

Defendant knew or should have known that the transmission placed into the 2011 Kia Sportage could malfunction and injure consumers.

33.

Despite this knowledge, Defendant failed to exercise reasonable care by continuing to market, manufacture, distribute and sell the 2011 Kia Sportage.

34.

As a direct and proximate result of Defendant's placement of the defective 2011 Kia Sportage into the stream of commerce, Plaintiff Gabrielle Becker experienced serious and

substantial injuries, including but not limited to, medical expenses, past and future, lost wages, and conscious pain and suffering, as well as permanent disability and loss of enjoyment of life.

35.

The actions of Kia Motors America, Inc. were intentional, malicious (whether express or implied), and done with willful, wanton, and reckless disregard of the rights of Plaintiff, entitling her to punitive damages under South Dakota law.

## COUNT V
### Negligent Failure to Warn

36.

Plaintiff realleges the preceding paragraphs and incorporates them as if fully set forth herein.

37.

Before Plaintiff Gabrielle Becker used the 2011 Kia Sportage, Defendant knew or had reason to know of the true risks and dangerous conditions of the transmission placed into the 2011 Kia Sportage, including that the transmission could spontaneously downshift.

38.

Defendant had a duty to exercise reasonable care and warn users of the true risks and of the dangerous condition of the 2011 Kia Sportage.

39.

Despite the fact that Defendant knew or had reason to know that the 2011 Kia Sportage was dangerous, Defendant failed to exercise reasonable care in warning consumers, including Plaintiff, of the true risks and dangerous conditions of the 2011 Kia Sportage.

40.

As a direct and proximate result of Defendant's placement of the defective placement of the defective 2011 Kia Sportage into the stream of commerce, Plaintiff Gabrielle Becker experienced serious and substantial injuries, including but not limited to, medical expenses, past and future, lost wages, and conscious pain and suffering, as well as permanent disability and loss of enjoyment of life.

41.

The actions of Kia Motors America, Inc. were intentional, malicious (whether express or implied), and done with willful, wanton, and reckless disregard of the rights of Plaintiff, entitling her to punitive damages under South Dakota law.

## COUNT VI
### Breach of Express Warranty

42.

Plaintiff realleges the preceding paragraphs and incorporates them as if set forth fully herein.

43.

Defendant manufactured, labeled, advertised, distributed and sold the 2011 Kia Sportage at issue in this case.

44.

Defendants expressly warranted that the 2011 Kia Sportage was reasonably fit for use as sporty utility vehicle.

45.

The above representations contained or constituted affirmations of fact or promises made by the seller to the buyer which related to the goods and became part of the basis of the bargain, creating an express warranty that the goods shall conform to the affirmations of the fact or promise.

46.

The above representations made by Defendant were meant to directly or indirectly induce persons such as Plaintiff to purchase the 2011 Kia Sportage.

47.

Plaintiff Gabrielle Becker purchased the product from Defendant and was a foreseeable user of the product and an intended third-party beneficiary of the warranty.

48.

The 2011 Kia Sportage does not conform to these express representations because it is not reasonably fit, suitable or safe, as the product failed while being used for its intended purpose, causing injury to Plaintiff.

49.

Defendant breached its express warranty in one or more of the following ways:

    (a)    The 2011 Kia Sportage, as designed, manufactured, sold, and supplied by Defendant, was defective and unsafe in that the transmission malfunctioned upon normal use;

    (b)    Defendant failed to warn and/or place adequate warnings and instructions on the 2011 Kia Sportage that the transmission may malfunction upon normal use;

    (c)    Defendant failed to adequately test the 2011 Kia Sportage.

50.

Plaintiff reasonably relied upon Defendant's representation that the 2011 Kia Sportage was a safe sport utility vehicle and free of defects.

51.

As a direct and proximate result of Defendant's placement of the defective 2011 Kia Sportage into the stream of commerce, Plaintiff Gabrielle Becker experienced serious and substantial injuries, including but not limited to, medical expenses, past and future, lost wages, and conscious pain and suffering, as well as permanent disability and loss of enjoyment of life.

## COUNT VII
**Breach of Implied Warranty of Merchantability**

52.

Plaintiff realleges the preceding paragraphs and incorporates them as if set forth fully herein.

53.

Defendant designed, manufactured, tested, marketed and distributed the 2011 Kia Sportage into the stream of commerce.

54.

At the time Defendant marketed, distributed, and sold the 2011 Kia Sportage to Plaintiff, Defendant impliedly warranted that the 2011 Kia Sportage was merchantable and fit for the ordinary purposes of its intended use as a sport utility vehicle.

55.

Plaintiff purchased the product from Defendant and was a foreseeable user of the product and an intended beneficiary of the warranty.

10

56.

The 2011 Kia Sportage was not merchantable and fit for its ordinary purpose, as the product failed while being used for its intended purpose, causing injury to Plaintiff.

57.

Plaintiff reasonably relied on Defendant's representations that the 2011 Kia Sportage was a safe sport utility vehicle and free of defects.

58.

As a direct and proximate result of Defendant's placement of the defective placement of the defective 2011 Kia Sportage into the stream of commerce, Plaintiff Gabrielle Becker experienced serious and substantial injuries, including but not limited to, medical expenses, past and future, lost wages, and conscious pain and suffering, as well as permanent disability and loss of enjoyment of life.

## COUNT VIII
**Breach of Implied Warranty of Fitness for a Particular Purpose**

59.

Plaintiff realleges the preceding paragraphs and incorporates them as if set forth fully herein.

60.

Defendant designed, manufactured, tested, marketed and distributed the 2011 Kia Sportage into the stream of commerce.

61.

Defendant sold the 2011 Kia Sportage with the implied warranty that the product was reasonably fit for the particular purpose as a safe sport utility vehicle.

62.

Plaintiff purchased the product from Defendant and was a foreseeable user of the product and an intended beneficiary of the warranty.

63.

The 2011 Kia Sportage was not fit for the particular purpose as a safe sport utility vehicle, as the product failed while being used for its intended purpose, causing injury to Plaintiff.

64.

Plaintiff reasonably relied on Defendant's representations that the 2011 Kia Sportage was a safe sport utility vehicle and free of defects.

65.

As a direct and proximate result of Defendant's placement of the defective 2011 Kia Sportage into the stream of commerce, Plaintiff Gabrielle Becker experienced serious and substantial injuries, including but not limited to, medical expenses, past and future, lost wages, and conscious pain and suffering, as well as permanent disability and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for the following relief:

(1) For Plaintiff's compensatory, general, punitive and special damages in an amount that the jury deems just and proper under the circumstances;

(2) For Plaintiff's costs and disbursements herein;

(3) For pre-judgment and post-judgment interest; and

(4) For such other and further relief as the Court determines to be just and proper.

Dated this 24th day of March, 2015

BY /s/ Kasey L. Olivier
Scott N. Heidepriem (scott@hpslawfirm.com)
Kasey L. Olivier (kasey@hpslawfirm.com)
101 W. 69th Street, Suite 105
Sioux Falls, SD 57108
(605) 679-4470

*Attorneys for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

/s/ Kasey L. Olivier
Scott N. Heidepriem
Kasey L. Olivier

13